UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:
AMANDA KOLODZIE

CASE NO.: **6:10-bk-04525-KSJ**

CHAPTER **7**

Debtor.
_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THIS MOTION, OBJECTION, OR OTHER MATTER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES AN OBJECTION WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE OF THIS PAPER. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE YOUR OBJECTION WITH THE CLERK OF THE COURT AT FAIRWINDS BUILDING, 135 W. CENTRAL BOULEVARD, SUITE 950, ORLANDO FLORIDA 32801, AND SERVE A COPY ON THE MOVANT'S ATTORNEY, ANDREW L. FIVECOAT, ALBERTELLI LAW, 600 NORTH WESTSHORE BOULEVARD, SUITE 400, TAMPA, FL 33609.**
>
> **IF YOU FILE AND SERVE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT WILL SCHEDULE A HEARING AND YOU WILL BE NOTIFIED. IF YOU DO NOT FILE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE GRANTING OF THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**SECURED CREDITOR,** CHASE HOME FINANCE LLC ("MOVANT"), by and through its undersigned attorney, hereby Moves for Relief from the Automatic Stay pursuant to 11 USC §362(d), and in support states as follows:

1. On March 20, 2010, the above Debtor filed a Voluntary Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code.
2. Jurisdiction in this cause is granted to the Bankruptcy Court pursuant to 28 USC §1334 and 11 USC §362, and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Court generally.

3. On April 11, 2008, Debtor Amanda Kolodzie, executed and delivered a promissory note and a mortgage securing payment of the note to First Horizon Home Loans. The property described in the mortgage then owned by and in possession of the mortgagor. See attached Exhibit "A".

4. The mortgage secures the following real property located in Seminole County, FLORIDA, to wit:

**LOT 209, SUNRISE UNIT TWO, "C" ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 28, PAGE 43, OF THE PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.**

**AKA: 1222 Madelena Ave, Winter Springs, FL 32708**

5. The MOVANT respectfully requests that the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Movant for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the MOVANT.

6. In support of this Motion for Relief from Automatic Stay, under §362(d) of the Bankruptcy Code, MOVANT would show that it would be inequitable to permit the debtor to retain the collateral, that there is no equity in the collateral and that said collateral is not necessary for an effective reorganization of the Debtor(s).

7. MOVANT submits that lack of adequate protection in this cause is the appropriate ground for relief which Movant seeks under §362(d), and that the possible existence of equity over and above the indebtedness, which MOVANT denies exists, would not, even if it did exist, constitute adequate protection as contemplated by the Bankruptcy Code. Additionally, Movant would show that its indebtedness continues to accrue interest which Debtor(s) enjoy the benefit of the collateral without following the requirements of the Bankruptcy Code.

8. MOVANT is receiving no payments from Debtor(s) to protect Movant against the erosion of its collateral position and MOVANT is not otherwise protected.

9. If MOVANT is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

10. The unpaid principal balance due is in the amount of $160,871.90.

11. The Debtors intend to surrender the collateral.

12. The contractual due date is April 1, 2009.

**WHEREFORE, PREMISES CONSIDERED,** MOVANT prays that the Debtor(s) be cited to appear herein; that upon Final Hearing (if necessary) the Court enter an Order modifying the Automatic Stay under 11 USC §362(d), to permit MOVANT to take any and all steps necessary to exercise any and all rights it may have in the collateral described hereinabove, and to gain permission of said collateral, together with such further relief and this Honorable Court deems just and appropriate.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, this 28th day of May, 2010.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Middle District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

SERVICE LIST
Amanda Kolodzie
1222 Madelena Ave
Winter Springs, FL 32708

L. Todd Budgen
PO Box 3229
Orlando, FL 32802

Emerson C Noble
Post Office Box 195008
Winter Springs, FL 32719

U.S. Trustee – ORL7
135 W. Central Blvd., Suite 620
Orlando, FL 32801

    **Andrew L. Fivecoat, Esq.**
    **Albertelli Law**
    Attorney for Secured Creditor
    600 N. Westshore Blvd.
    Suite 400
    Tampa, FL 33609
    Telephone: (813) 221-4743
    Facsimile: (813) 221-9171

    By:   /s/ Andrew L. Fivecoat, Esq.
    Andrew L. Fivecoat, Esq.
    Florida Bar No.: 0122068